UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Randy L. Helland,

            Plaintiff,

vs.                        REPORT AND RECOMMENDATION

St. Mary's Duluth Clinic
Health System,

            Defendant.       Civ. No. 10-31 (RHK/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. Introduction

This matter came before the undersigned United States Magistrate Judge upon a general assignment, made in accordance with Title 28 U.S.C. § 636(b)(1)(B), upon the Plaintiff's Application for leave to proceed in forma pauperis, ("IFP"). The Plaintiff appears pro se and, in view of the fact that service of process has not yet been effected, no appearance has been made by, or on behalf of, the Defendant.

This action was commenced on January 5, 2010, by the filing of a Complaint with the Clerk of Court for the United States District Court for the District of Minnesota. See, Docket No. 1. The Plaintiff is seeking relief for alleged violations

of his rights under the Americans with Disabilities Act, Title 42 U.S.C. §§12101, et. seq.

The Plaintiff did not pay any filing fee for this action but, instead, filed an Application seeking leave to proceed IFP. See, Docket No. 2. The Plaintiff's IFP Application is now before the Court, and must be addressed before any other action is taken in this matter. For reasons which follow, we recommend that the Plaintiff's IFP Application be denied.

## II. Factual and Procedural Background

The Plaintiff's IFP Application reflects that he is currently unemployed, but he receives Social Security benefits in the amount of $1,280.00 per month. See, IFP Application, Docket No. 2, at p. 2. The IFP Application also reveals that the Plaintiff's wife is employed, and that she earns $2,200.00 per month. Id. The Plaintiff and his wife own a home, and two (2) motor vehicles. They apparently have no dependents. Id. at p. 3.

The Plaintiff represents that he is legally blind, that he owes $60,000.00 in medical expenses, and that he and his wife have no cash, or bank accounts. Id. at pp. 3, 5. Nevertheless, given the total monthly income of the Plaintiff and his wife, which is nearly $3,500.00, the Court cannot conclude that they are indigent, for IFP

purposes.  The Plaintiff has not shown that his assets, his disability benefits, and his wife's income, are insufficient to allow him to pay the filing fee for this action.[1]  Therefore, we recommend that the Plaintiff's IFP Application be denied.  See, Title 28 U.S.C. §1915(a)(1).

---

[1]Federal Courts, which are charged with evaluating IFP Applications, have consistently considered not only an IFP applicant's personal income, but also his or her other financial resources, including the resources that could be made available from the applicant's spouse, or other family members.  As explained in Monti v. McKeon, 600 F. Supp. 112, 114 (D. Conn. 1984), aff'd, 788 F.2d 1 (2nd Cir. 1985) [Table Decision]:

> The purpose of 28 U.S.C. § 1915 is to insure that litigants will not be deprived of access to the judicial system because of their financial circumstances * * * [Citation omitted].  If the plaintiff is supported by her spouse, and her spouse is financially able to pay the costs of this appeal, it follows that the plaintiff's own lack of funds will not prevent her from gaining access to the courts.

See also, Lee v. Wal-Mart Stores, Inc., 1993 WL 316756 at *3 (N.D. Ind., August 18, 1993)("In a number of cases, courts have found that the income and assets of close family members are relevant to a determination of indigency under 28 U.S.C. § 1915."); Assaad-Faltas v. University of South Carolina, 971 F. Supp. 985, 990 n. 9 (D.S.C. 1997)(citing, and agreeing with, other Courts, which have "recognized that in making an IFP determination it is proper to consider whether the party claiming indigent status receives financial support from her family"), aff'd, 165 F.3d 910 (4th Cir. 1998) [Table Decision], cert. denied, 528 U.S. 922 (1999); Fridman v. City of New York, 195 F. Supp.2d 534, 537 (S.D.N.Y. 2002)("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend'"), quoting Williams v. Spencer, 455 F. Supp. 205, 208-09 (D.Md. 1978).

III. <u>Discussion</u>

In considering the merits of an IFP Application, there is -- and there can be -- no "bright line" test which magically divines which claimants of modest means qualify under the Federal IFP Statute, and which do not. The countervailing considerations at issue are easy of recitation but far more demanding to resolve. In <u>Temple v. Ellerthorpe</u>, 586 F. Supp. 848, 850 (D.R.I. 1984), the conflicting interests found succinct expression:

> The trial court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities. * * * But, the same evenhanded care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar.

See also, <u>In re Williamson</u>, 786 F.2d 1336, 1338-39 (8th Cir. 1986) ("The very purpose of section 1915 'is to provide an entre, not a barrier, to the indigent seeking relief in federal court,'" but "section 1915 'was not enacted for the purpose of requiring the public to underwrite frivolous lawsuits.'"), quoting <u>Souder v. McGuire</u>, 516 F.2d 820, 823 (3rd Cir. 1975), and <u>In re Smith</u>, 600 F.2d 714, 715 (8th Cir. 1979).

The balance achieved should equally weigh the privilege of pursuing a nonfrivolous action in the Federal Court system with a practical recognition that any such action will inflict some monetary expense upon all of the parties involved. The issue,

therefore, does not hinge upon the ease of payment, for no litigant views the payment of costs as anything other than an unpleasant ancillary to the prosecution of a Federal claim.

Rather, the analysis pivots -- we think necessarily -- upon the Plaintiff's ability to satisfy the initiation costs of his Federal action without substantially depleting his financial resources. While we recognize, based upon the Plaintiff's sworn representations, that he may not be wealthy, we find that he has the wherewithal to satisfy the modest costs incident to the commencement of his claims without necessitating his forbearance of other expenditures for life's necessities, or for his basic needs. See, Freeman v. Abdullah, 925 F.2d 266, 267 (8th Cir. 1991); In re Smith, supra at 715; Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982); Temple v. Ellerthorpe, supra at 850-51, and cases cited therein. Although the imposition of any cost, as a precondition to the commencement of a cause of action, may invoke some second thoughts as to the wisdom of prosecuting that action, the expenditures here are not of such a magnitude as would dissuade the pursuit of a claim that was both firmly-held and well-intended.

Lastly, we note our awareness of varying procedures which have evolved in the granting, and in the denial, of in forma pauperis applications by Magistrate Judges.

In some jurisdictions, the denial of such applications is routinely performed under the rubric of a Title 28 U.S.C. §636(b)(1)(A) Order, with its attendant "clearly erroneous" standard of review. However, since an unintended effect of a denial of the Application could be the abandonment of a claim, we believe that our resolution of the issue should best be expressed as a Recommendation, subject to de novo review should an appeal be taken. See, e.g., Woods v. Dahlberg, 894 F.2d 187, 187 (6th Cir. 1990)(concluding that a denial of IFP status is the functional equivalent of an involuntary dismissal and is outside the jurisdiction of a Magistrate Judge); Tripati v. Rison, 847 F.2d 548, 548-549 (9th Cir. 1985).

Due to an apparent anomaly in Local Rule 4.2(a), one additional comment is warranted.[2] The Local Rule requires that the Plaintiff's Complaint be filed pending a determination of the propriety of his request for pauper's status. Although the Rule

---

[2] Local Rule 4.2(a) provides in pertinent part:

> Where a plaintiff seeks waiver of filing fees under in forma pauperis provisions, the plaintiff shall present the complaint and the motion for permission to proceed in forma pauperis to the Clerk. The Clerk shall file the complaint as if the filing fee had been paid, and shall submit the in forma pauperis motion to a Magistrate Judge or Judge. If permission to proceed in forma pauperis is later denied, the complaint shall be stricken.

contemplates the striking of the Complaint if the "permission to proceed in forma pauperis is later denied," the Rule also implicitly suggests that a Magistrate Judge may deny the application. In order to avoid the potential that the Plaintiff's Complaint should be served prior to a ruling by the District Court on the propriety of his Application, should an appeal be taken, this Court will issue its Order, which will preserve the status quo until the District Court should rule on the matter.

Lastly, in the event that the Plaintiff elects not to challenge this Recommendation, he will be afforded an opportunity to pay the normal $350.00 filing fee, see Title 28 U.S.C. §1914(a), and, if he chooses to do so, he will be allowed to pursue his claims as a non-IFP litigant.[3]

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Clerk of Court shall not issue a Summons, nor deliver process to the United States Marshal for service upon the Defendant, until so directed by further Order of the Court.

---

[3]The Plaintiff's pending Motion for an appointment of counsel, see Docket No. 3, will be addressed after the issue of his IFP Application is resolved.

2. That the Plaintiff's application for in forma pauperis status [Docket No. 2] be denied.

Dated: January 14, 2010        *s/Raymond L. Erickson*
                               Raymond L. Erickson
                               CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than January 28, 2010,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than January 28, 2010,** unless all interested

parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.