UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Randy L. Helland,                                    Case No. 10-CV-31 (RHK/LIB)

                 Plaintiff,

         v.
                                            **REPORT AND RECOMMENDATION**
St. Mary's Duluth Clinic
Health System,

                 Defendant.

---

        This matter came before the undersigned United States Magistrate Judge upon the Motion

of the Defendant, St. Mary's Duluth Clinic Health System ("St. Mary's") to Dismiss Plaintiff

Randy Helland's Claims.  A hearing on the Motion was conducted on April 7, 2011.  The case

has been referred to the Magistrate Judge for a report and recommendation under 28 U.S.C. §

636(b)(1).  For the reasons outlined below, the Court recommends that the Plaintiff's Motion to

Dismiss be GRANTED.

**I.      BACKGROUND**

        Mr. Helland filed the present lawsuit against St. Mary's alleging that St. Mary's violated

the Americans with Disabilities Act of 1990 by failing to accommodate his disability during his

employment.  St. Mary's served initial discovery including interrogatories and requests for

production on July 20, 2010.  Mr. Helland never responded to the requests.  On December 30,

2010, the Court heard St. Mary's motion to compel discovery.  Subsequently, on January 4,

2011, the Court ordered the Plaintiff to respond fully to St. Mary's discovery requests within

fifteen days (Order [Docket No. 33].  The Court's Order warned Mr. Helland that a failure to

comply with its order could result in the dismissal of his case pursuant to Fed. R. Civ. P. 37.

1

However, Mr. Helland still has not responded to any of St. Mary's discovery requests. In fact, during the time that Mr. Hellnad has been unwilling to respond to discovery, the time under the Court's Pretrial Order in which to complete all discovery lapsed on March 1, 2011. (Pretrial Order [Docket No. 21]).

Presently before the Court is St. Mary's motion to dismiss the case as a sanction for Mr. Helland's continued and ongoing failure to respond to Defendant's discovery requests.

## II. STANDARD OF REVIEW

When analyzing a motion seeking the sanction of dismissal for a failure to comply with a discovery order, the Eighth Circuit cautions that the better practice is to apply Rule 37 rather than analyzing the case pursuant to Fed. R. Civ. P. 41(b). Sentis Group, Inc. v. Shell Oil Co., 559 F.3d 888, 899 (8th Cir. 2009). Rule 37(b)(2)(A) provides that if a party fails to obey an order to provide discovery, the Court may issue an order

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

"To justify a sanction of dismissal, Rule 37 requires: '(1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party.'" Sentis Group, Inc., 559 F.3d at 899. However, the Court's discretion to issue Rule 37 sanctions "is bounded by the

2

requirement of Rule 37(b)(2) that the sanction be 'just' and relate to the claim at issue in the order to provide discovery."  Hairston v. Alert Safety Light Products, Inc., 307 F.3d 717, 719 (8th Cir. 2002) (quoting Avionic Co. v. General Dynamics Corp., 957 F.2d 555, 558 (8th Cir. 1992)). "'[T]he district court's discretion narrows as the severity of the sanction or remedy it elects increases.'" Sentis Group, 559 F.3d at 888 (quoting Wegener v. Johnson, 527 F.3d 687, 692 (8th Cir. 2008).  "While the sanction of dismissal is 'drastic' and should therefore be used only in exceptional cases, a district court is not required to impose the least onerous sanction so long as it considers whether a lesser sanction is available or appropriate." Brennan v. Qwest Communications Intern., Inc., 2009 WL 1586721 at *7 (D. Minn. June 4, 2009) (citations and quotations omitted).

## III.   DISCUSSION

In the instant case, the Plaintiff has entirely and completely failed to engage in any discovery, and he has refused to respond to discovery as he was directed to do in the Court's January 3, 2011 Order.  Moreover, the March 1, 2011 discovery cut off deadline set forth in the Pretrial Order schedule has now passed without the Plaintiff providing any discovery whatsoever to the Defendant.  On this basis, the Defendant asks the Court to sanction the Plaintiff by dismissing his case.  In response to the Defendant's present motion, the Plaintiff has failed to file any sort of written response providing a reason for his failure to respond to discovery and/or his failure to comply with this Court's order of January 3, 2011.

The Court finds that Plaintiff's actions warrant dismissal of his lawsuit.  The Defendant must and has demonstrated the existence of "(1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party." Sentis Group, Inc., 559 F.3d at 899.

First, in the instant case, it is undisputed that an Order compelling discovery exists in this

case.  (Docket No. 33).

Second, Plaintiff's violation of the order was willful.  At the hearing regarding the

motion, the Plaintiff verbally restated the same arguments for his failure to answer discovery

which have already been denied by the Court in its January 3, 2011 Order compelling Plaintiff to

respond to Defendant's discovery requests.  As during the earlier proceedings, Plaintiff simply

argues that because he has permanent problems and limitations on his vision he cannot

personally read the Court documents or the Federal Rules of Civil Procedure rendering him

unable to effectively prosecute his case.  The Plaintiff, however, has made no effort that the

Court has been appraised of to seek out any assistance in having pertinent pleadings or the Court

rules read to him if that is what is necessary.  As the Court noted in its January 3, 2011 Order,

Plaintiff's pro se status does not excuse him from complying with the Federal Rules of Civil

Procedure.  Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000)("A pro se litigant is

bound by the litigation rules as is a lawyer ...")(footnote omitted); Ackra Direct Mktg. Corp. v.

Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996)("In general, pro se representation does not

excuse a party from complying with a court's orders and with the Federal Rules of Civil

Procedure").  Plaintiff provides no justifiable reason why he cannot comply with the Court's

previous order except his apparent expectation that the Court will prosecute his claim for him

because of his pro se status.  However, this, the Court cannot do.  See  Delvalle v. County of

Lake, 1998 WL 823001 at *3 (N.D. Cal. Nov. 5, 1998).

Furthermore, Plaintiff's claim that he cannot read and understand the Federal Rules of

Civil Procedure or court documents because of his disabilities is unfounded.   The Plaintiff

previously worked in information technology demonstrating that he has cognitive and problem-

4

solving skills.   Additionally, during the Plaintiff's court appearances, the Court found him to be

an intelligent individual able to understand the Court's statements.  Plaintiff has the ability to

understand the Federal Rules and court documents.  Therefore, The Court finds that the Plaintiff

has effectively chosen not to make himself aware of the rules by which the Court operates.  This

choice remains in direct conflict with his obligations as a pro se Plaintiff.

Additionally, the Court notes that it previously warned Plaintiff that he could face

possible sanctions for failing to complete discovery.  However, even after having been given a

clear deadline and having been warned of possible sanctions, specifically including dismissal,

should he fail to obey the Court's Order, the Plaintiff still refused without a justifiable reason to

comply with the Court's Order. Thus, the Court finds that the Plaintiff's refusal to comply with

the Court's Order regarding discovery was "deliberat[e] and intentional[] . . .as evidenced by his

persistent failure to answer discovery requests directed to him."  McDonald v. Overnite Exp.

2010 WL 2733328 at *6 (D. Minn. May 11, 2010).

Third, the Defendant has suffered prejudice from the Plaintiff's failure to comply with the

Court's order.   In order to prepare for trial, the Defendant must be able to obtain discovery in

order to defend against Plaintiff's claim and raise its own defenses.   Without discovery, the case

cannot proceed.

Additionally, the Court notes that other, alternative sanctions would prove ineffective in

the present case.  Hudson v. Pinnacle Telesevices, 241 Fed. Appx. 340, 341 (8th Cir. 2006)

(finding analysis of futility of alternative sanctions proper in motion for sanction of dismissal

under Fed. R. Civ. P. 37).  For instance, under Fed. R. Civ. P. 37(b)(2)(A)(i), (ii), and (iii),

designating certain facts as established, prohibiting the Plaintiff from supporting or opposing

designated claims or defenses, or striking pleadings in whole or in part would not resolve the

Plaintiff's willful discovery failures while still preserving any claim.  As such, restricting claims,

striking pleadings, and establishing certain facts would not be possible since the Plaintiff would

be left without the essential facts in support of the claims asserted in his complaint.  If the

Plaintiff lacks the essential facts to support his claim or rebut Defendant's evidence, Defendant

could properly seek and obtain summary judgment against the Defendant.  Thus, any such

sanctions would essentially have the same effect as a sanction of dismissal.

Moreover, staying the action under Fed. R. Civ. P. 37(b)(2)(A)(iv) would not serve any

purpose because the Plaintiff has plainly and repeatedly demonstrated throughout these

proceedings his complete unwillingness to participate in any discovery or to take the

responsibility for prosecuting his action.  Therefore, staying the proceedings to give the Plaintiff

yet more time to answer discovery would be ineffectual since the Plaintiff has given no

indication that he would ever on his own answer the discovery requests submitted by the

Defendant even if he were granted an extension. [1]

Furthermore, giving the Plaintiff additional time to comply with discovery would delay

the progress of this case even further and require the Court to extend the discovery deadline set

forth in the Pretrial Order which required discovery to be completed by March 1, 2011.  Since no

discovery has yet been undertaken in this case, the Court would have to extend the deadline for

at least two months and most likely have to delay the August 1, 2011 trial date.  The Court is

unwilling to extend such deadlines on the extremely unlikely chance that the Plaintiff would

decide to complete discovery and begin to prosecute his case.

Finally, holding the Plaintiff in contempt until he complies with the Court's Order of

January 3, 2011 would likewise be ineffectual because even if held in contempt, the Court

---

[1] In response to the Court's questions and to comments that under the law he has an obligation to comply with the
Federal Rules of Civil Procedure, the Plaintiff repeatedly invited the Court to just dismiss his case.

considers it highly unlikely, based on the Plaintiff's prior statements and actions, that he would

even then participate in discovery or attempt to independently prosecute his case.

For these reasons, the Court recommends Plaintiff's case be dismissed as the appropriate

sanction for his willful failure to comply with this Court's January 3, 2011 Order.

## VI.   SANCTIONS

Defendant requests the Court to award it attorneys fees and costs associated with bringing

the present motion.  However, the Court finds an award of attorneys fees to be impracticable in

this case considering that the Plaintiff proceeds pro se and had applied for in forma pauperis

status.  Additionally, the Court finds that the sanction of dismissal of his case in its entirety

constitutes a sufficient sanction for Plaintiff's actions.  See Chatman v. Johnson, 2008 WL

5412212 at *3 (E.D. Cal. Dec. 30, 2008) (finding the imposing costs or attorneys fees

impracticable because pro se in forma pauperis Plaintiff disregarded all previous warning

regarding possibility of sanctions for failing to prosecute his case).

## V.   CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that

1.   Defendant's Motion to Dismiss be GRANTED [Docket No. 34].

Dated: April 19, 2011                                     s/Leo I. Brisbois
                                                          LEO I. BRISBOIS
                                                          United States Magistrate Judge

### N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and

Recommendation by filing with the Clerk of Court, and serving all parties **by May 3,**

7

**2011**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof.  Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.